STEAGALL, Justice.
Bank Independent sued Ellis Coats and Barbara Coats, seeking to set aside Mr. Coats’s allegedly fraudulent conveyance of a certain note and mortgage secured by certain real property. Mr. Coats had conveyed the note and mortgage to Mrs. Coats in exchange for the extinguishment of her right to receive present and future alimony and child support. The University of North Alabama thereafter sought to buy the property from Mrs. Coats. In response to Bank Independent’s suit, the University interpleaded the purchase sum of $135,-814.60 into the court. The jury found that there was no fraudulent conveyance, and the trial court entered a judgment in favor of the Coatses, awarding the interpleaded funds to Mrs. Coats. Bank Independent appealed, and the interpleaded funds were placed in a 7.5% interest-bearing account pending resolution of the appeal. This Court affirmed the trial court’s judgment. See Bank Independent v. Coats, 591 So.2d 56 (Ala.1991).
Thereafter, Mrs. Coats filed a motion in the trial court seeking post-judgment interest on the interpleaded funds. The trial court granted the motion, awarding her 12% post-judgment interest on the funds, or $7,335.57, as well as $1,099.28 in interest earned before the judgment. The court gave Bank Independent credit for $8,334.85, the amount that the funds earned in the 7.5% interest-bearing account while the case was pending. Bank Independent now appeals from the award of post-judgment interest.
Bank Independent argues that Mrs. Coats was entitled to the amount that the funds earned in the 7.5% interest-bearing account during the pendency of this case, rather than the 12% interest the trial court awarded her. The trial court awarded the 12% interest pursuant to Ala. Code 1975, § 8-8-10, which provides:
“Judgments, for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at a rate of twelve percent (12%) per an-num, the provisions of § 8-8-10 notwithstanding; provided, that fees allowed to a trustee, executor, administrator or attorney and taxed as part of the cost of the proceeding shall bear interest at a like rate from the day of entry.”
Bank Independent- argues that the “judgments, for the payment of money” referred to in § 8-8-10 are personal judgments in tort or contract actions, not judgment in equity actions. Bank Independent points out that this is an equity case, wherein the verdict merely declared that Mr. Coats’s assignment of the note and mortgage to Mrs. Coats in exchange for her relinquishment of his marital obligations was not a fraudulent conveyance. Bank Independent also argues that, historically, a money judgment is involved in a fraudulent conveyance action only when the fraudulent grantee has destroyed, wasted, or otherwise put the subject of the conveyance out of the creditor’s reach. 37 C.J.S. Personal Judgment § 444 (1943). There is no evidence of this here; therefore, Bank Independent concludes that the 12% interest pursuant to § 8-8-10 was awarded improperly.
We agree with Bank Independent that the jury's verdict simply confirmed that the property was legitimately conveyed to Mrs. Coats. In awarding the interpleaded funds to her, the trial court merely allowed Mrs. Coats to properly receive the benefit of the sale of her property to the University. The trial court did not enter a “money judgment” against Bank Independent; rather, it only determined that Bank Independent was not entitled to the interpleaded funds. *953 The interpleaded sum was not money that Bank Independent owed to Mrs. Coats pursuant to any note, mortgage, judgment, or other indebtedness, nor was it awarded as the result of any legal claims against Bank Independent. We therefore hold that the judgment following the jury’s verdict was not a “money judgment” that would entitle Mrs. Coats to 12% post-judgment interest pursuant to § 8-8-10. Mrs. Coats is, however, entitled to receive the $8334.85 in accrued interest that the interpleaded funds earned in the interest-bearing account.
The trial court’s judgment is reversed and this cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, HOUSTON, KENNEDY and INGRAM, JJ., concur.